IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Joseph JACKSON, Attorney at Law.

Supreme Court

*No. 98–1036–D. Filed October 15, 1998.*

(Also reported in 585 N.W.2d 151.)

¶ 1.   PER CURIAM.   We review the recommendation of the referee that the license of Joseph Jackson to practice law in Wisconsin be suspended for one year as discipline for professional misconduct. That misconduct consisted of Attorney Jackson's failure to act with reasonable diligence and promptness in representing a client, failing to cooperate in the Board's investigation and subsequent prosecution of that matter, failing to respond to orders of the Court of Appeals, making misrepresentations to a trial court judge and to his client concerning actions he had taken on the client's behalf, failing to protect his client's interests upon termination of his representation, and failing to respond to a client's requests for information and documents. The referee also recommended that as a condition of reinstatement of his license, Attorney Jackson be required to provide a detailed accounting of work performed for one of his clients and proof that he has returned to that client any portion of the client's retainer he did not earn. The referee recommended further that if at the end of the period of suspension Attorney Jackson has not petitioned for reinstatement or otherwise communicated in writing to the court or with the Board of Attorneys Professional Responsibility (Board) his intention to continue practicing law in Wisconsin, the court revoke his license.

¶ 2.   We determine that the misconduct established in this proceeding warrants the suspension of Attorney Jackson's license for one year. By that misconduct, Attorney Jackson seriously breached his professional duties to clients and sought to mislead a court and a client into believing he had pursued the client's legal matter. We also determine that the accounting and restitution conditions the referee recommended are appropriate to impose on the

617

reinstatement of Attorney Jackson's license following the suspension. We do not, however, accept the referee's recommendation to revoke his license in the event he fails to inform the court that he intends to continue practicing in this state.

¶ 3. Attorney Jackson was admitted to practice law in Wisconsin in 1991 and practiced in Madison. At some point, he relocated to New York, but his current location was unknown at the time the referee submitted his report in this proceeding. Attorney Jackson has not been the subject of a prior disciplinary proceeding but was suspended for nonpayment of State Bar dues October 31, 1996, and has not been reinstated to membership; consequently, he is not authorized to practice law in Wisconsin.

¶ 4. The Board was unable to obtain service of its complaint on Attorney Jackson at either of his addresses of record, including the last address on file with the State Bar. The referee, Attorney John Schweitzer, determined that the Board's attempted service met the requirements of SCR 22.11(2)[1] and, as he did not respond to the complaint or otherwise appear in this proceeding, found him in default and made findings pursuant to the allegations of the Board's complaint.

¶ 5. In 1992, Attorney Jackson represented a client in a criminal matter that led to the client's conviction and imprisonment. The client told Attorney Jackson that he wanted to appeal, but Attorney Jack-

---

[1] SCR 22.11 provides, in pertinent part:

**Service, filing.**

. . .

(2)   The filing of a name and address by an attorney with the state bar constitutes a consent to service by certified mail at that address.

son marked the "undecided" box on the court form, telling the client he would be available for further discussion of postconviction relief. However, he never had that discussion with the client, and no notice of intent to pursue postconviction relief was filed within the prescribed period.

¶ 6. Thereafter in October, 1995, the Court of Appeals, responding to the client's pro se motion for an extension of time to file a notice of intent to seek postconviction relief, ordered Attorney Jackson, as the client's trial counsel, to respond to the client's allegation that he failed to file a notice of intent to appeal in accordance with the client's instructions. Attorney Jackson did not respond to that order or to a subsequent order of the Court of Appeals to respond. The court then granted the client's motion for an extension of time.

¶ 7. The Board sent Attorney Jackson a letter informing him of the client's grievance it had received, as well as a second letter, but Attorney Jackson responded to neither. Attorney Jackson apparently left the Madison area and could not be located. The Board also sent copies of the Court of Appeals orders to him at his Madison address in March, 1996, to which he responded that he had been out of the country on a research project. He did not, however, specify the duration of that research project or respond to the orders of the Court of Appeals or explain to that court why he had not done so.

¶ 8. The referee concluded that by failing to determine whether his client wished to pursue postconviction relief, Attorney Jackson failed to act with reasonable diligence and promptness in representing

that client, in violation of SCR 20:1.3.[2] By leaving the Madison area without informing the Board where he could be located, knowing it was investigating the client's grievance, Attorney Jackson failed to cooperate in the Board's investigation, prosecution and disposition of that grievance, in violation of SCR 21.03(4)[3] and 22.07(2) and (3).[4] His failure to respond to the Court of Appeals orders constituted a knowing disobedience of

---

[2] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 21.03 provides, in pertinent part:

**General principles.**
. . .
(4)  Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[4] SCR 22.07 provides, in pertinent part:

**Investigation.**
. . .
(2)  During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.
(3)  The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

620

an obligation under the rules of that court, in violation of SCR 20:3.4(c).[5]

¶ 9. A second matter considered in this proceeding concerns Attorney Jackson's representation of a client in a probation revocation sentencing and on additional criminal charges. At the revocation sentencing hearing in May, 1995, Attorney Jackson told the court there was a writ of certiorari pending. In fact, court records disclosed that he never had filed a writ of certiorari appealing the probation revocation, such that his client lost his right to review of the revocation. The court sentenced the client to two years in prison on the probation revocation.

¶ 10. In respect to the criminal charges, the client entered a guilty plea and was sentenced to eight years in prison consecutive to his two-year probation revocation sentence. In response to the client's request, Attorney Jackson said he would seek postconviction relief and file the notice of intent accordingly. Court records disclosed, however, that the appeal form indicating a defendant's intentions never was filed, nor did Attorney Jackson ever file a notice of intent to pursue postconviction relief.

¶ 11. Prior to the client's sentencing, Attorney Jackson told the client that he needed $1000 to complete the writ of certiorari and to do further investigation. After making that payment, the client and his family members were unable to contact Attor-

---

[5] SCR 20:3.4 provides, in pertinent part:

**Fairness to opposing party and counsel**
A lawyer shall not:

. . .

(c)   knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

ney Jackson. The client's numerous attempts to obtain the legal documents in his possession regarding his case were unsuccessful, his certified letter was returned unclaimed, and his numerous telephone calls were not returned. Attorney Jackson apparently abandoned his law practice and did not tell the client where he could be reached. He did not return any portion of the $1000 he obtained from the client purportedly for the preparation and filing of a writ of certiorari.

¶ 12. The referee concluded that Attorney Jackson's misrepresentation to the court and to his client that a writ of certiorari was pending, his misrepresentation to the client that he filed a notice of intent to pursue postconviction relief, and his obtaining $1000 for the completion of a writ of certiorari, which he never filed, constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[6] His misrepresentation to the court concerning the writ of certiorari also constituted a knowingly false statement of fact to a tribunal, in violation of SCR 20:3.3(a)(1).[7] His failure to prepare and file the writ of certiorari and notice of intent to pursue postconviction relief, contrary to his client's directions, constituted a failure to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.

---

[6] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[7] SCR 20:3.3 provides, in pertinent part:

**Candor toward the tribunal**
(a) A lawyer shall not knowingly:
(1) make a false statement of fact or law to a tribunal;

¶ 13. The referee concluded further that Attorney Jackson's failure to take steps reasonably practicable to protect the client's interests upon termination of his representation, including giving reasonable notice of the termination and returning papers and property to the client, violated SCR 20:1.16(d).[8] His failure to respond to the client's requests for information and documents and to provide the client information concerning where he could be reached constituted a failure to keep a client reasonably informed of the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).[9]

¶ 14. In addition to the one-year license suspension, the referee recommended that Attorney Jackson be required, as a condition of reinstatement, to provide a detailed accounting of the work he performed in the second of the matters set forth above and proof that he has returned to the client in that matter any portion of the $1000 retainer that he did not earn. Presumably because of Attorney Jackson's absence from the state

---

[8] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[9] SCR 20:1.4 provides, in pertinent part:

**Communication**

(a). A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

and his apparent abandonment of the law practice he had conducted here, the referee recommended that Attorney Jackson's license be revoked in the event that when the period of suspension expires he has neither petitioned for reinstatement of his license nor communicated otherwise in writing with the court or the Board that he intends to resume the practice of law in this state.

¶ 15. We adopt the referee's findings of fact and conclusions of law and determine that the seriousness of his misconduct established in this proceeding warrants the suspension of Attorney Jackson's license to practice law for one year. We also determine that the accounting and retainer refund conditions recommended by the referee should be imposed on the reinstatement of his license. Because the provisional license revocation the referee recommended is not in response to Attorney Jackson's professional misconduct, we decline to impose it.

¶ 16. IT IS ORDERED that the license of Joseph Jackson to practice law in Wisconsin is suspended for a period of one year, commencing November 23, 1998.

¶ 17. IT IS FURTHER ORDERED that as conditions of reinstatement of his license to practice law following the period of suspension, Joseph Jackson be required to provide to the Board of Attorneys Professional Responsibility a detailed accounting of the work performed in one of the matters considered in this proceeding and proof that he has refunded to the client in that matter any portion of the retainer he had received but did not earn.

¶ 18. IT IS FURTHER ORDERED that within 60 days of the date of this order, Joseph Jackson pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are

not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Joseph Jackson to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 19.   IT IS FURTHER ORDERED that Joseph Jackson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.